UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

HOMER EUGENE BANNER,                    )
                                        )
            Petitioner,                 )
                                        )
v.                                      )        Nos.   2:15-CV-341-JRG
                                        )               2:11-CR-25-JRG-MCLC-1
UNITED STATES OF AMERICA,               )
                                        )
            Respondent.                 )

**MEMORANDUM OPINION**

Before the Court now is Petitioner's pro se motion to vacate, set aside, or correct his

sentence pursuant to 28 U.S.C. § 2255 [Doc. 34]. The United States responded in opposition on

February 8, 2016 [Doc. 37]. In addition to his § 2255 motion, Petitioner has requested that the

Court appoint counsel to assist him in his collateral challenge [Doc. 36]. For the reasons stated

below, the request that counsel be appointed to assist with litigation of the claim [Doc. 36] will

be **DENIED as moot** and the § 2255 petition [Doc. 34] will be **DISMISSED WITH**

**PREJUDICE**.

I.      **BACKGROUND**

Between April and October 2010, Petitioner pawned three firearms at a pawnshop in

Morristown, Tennessee [Doc. 12 ¶ 4]. He subsequently pled guilty to possessing a firearm as a

felon, in violation of 18 U.S.C. § 922(g)(1) [*Id.* ¶ 1], "knowingly and voluntarily waiv[ing] the

right to file any motions or pleadings pursuant to 28 U.S.C. § 2255" except those raising "claims

of ineffective assistance of counsel or prosecutorial misconduct" [*Id.* ¶ 10(b)].

The United States Probation Office deemed Petitioner an armed career criminal under 18

U.S.C. § 924(e)—the Armed Career Criminal Act ("ACCA")—based on three prior Tennessee

convictions for delivery of cocaine, subjecting Petitioner to the ACCA's fifteen-year statutory minimum term of incarceration [*Id.* ¶¶ 44–46].  The Court sentenced Petitioner to a within-Guidelines 180-month term of imprisonment and five years' supervised release [Doc. 23].

Petitioner appealed and the Sixth Circuit affirmed his conviction, ACCA designation, and sentence in an opinion on March 27, 2013 [Doc. 27].  On June 26, 2015, the United States Supreme Court decided *Johnson v. United States*, 135 S. Ct. 2551 (2015).  Six months later, on December 28 2015, Petitioner filed the instant request for collateral relief [Doc. 34].

## II.      TIMELINESS OF PETITIONER'S CLAIMS

Section 2255(f) provides that the one-year statute of limitations applicable to collateral challenges runs from the latest of: (1) "the date on which the judgment of conviction becomes final;" (2) "the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;" (3) "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme court and made retroactively applicable to cases on collateral review;" or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."  28 U.S.C. § 2255(f).  The petition's reliance on *Johnson v. United States*, triggers the renewed one-year limitations period under subsection (f)(3).  *See Welch v. United States*, No. 15-6418, 2016 U.S. LEXIS 2451, at *16 (U.S. Apr. 18, 2016) ("*Johnson* is . . . a substantive decision and so has retroactive effect . . . in cases on collateral review."); *In re Windy Watkins*, 810 F.3d 375, 380–81 (6th Cir. 2015) (finding *Johnson* constitutes a new substantive rule of constitutional law made retroactively applicable on collateral review and thus triggers § 2255(h)(2)'s requirement for certification of a second or

successive petition). The renewed period began to run on June 26, 2015 and, as a result, Petitioner's § 2255 motion falls safely within the window for requesting relief [Doc. 34].

## III. STANDARD OF REVIEW

The relief authorized by 28 U.S.C. § 2255 "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

## IV. ANALYSIS

Petitioner articulates a single ground of collateral attack, arguing *Johnson v. United States*—in which the United States Supreme Court invalidated the ACCA's residual clause as unconstitutionally vague—removed his convictions for delivery of cocaine from the scope of § 924(e)'s definitions of "violent felony" and "serious drug offense" [Doc. 34 pp. 2–6 (suggesting, without those predicates, he no longer qualifies as an armed career criminal)].[1]

---

[1]     The government attempts to rely on the waiver provision of Petitioner's plea agreement as an alternative, independent basis for denying relief [Doc. 37 p. 3]. While the Court recognizes that Petitioner "knowingly and voluntarily waive[d] the right to file any motions or pleadings pursuant to 28 U.S.C. § 2255 or to collaterally attack the [his] conviction and/or resulting sentence" except in cases that involve "ineffective assistance of counsel or prosecutorial misconduct" [Doc. 12 ¶ 10(b)], it is far from clear that this waiver can be enforced to bar him from challenging a sentence in excess of the maximum authorized by law. *See, e.g.*, *United States v. Thompson*, No. 3:06-cr-56, 2008 U.S. Dist. LEXIS 109305, at *37–39 (W.D. Ky. Nov.

3

## A. Categorization as Career Offender after *Johnson v. United States*

The ACCA mandates a 15-year sentence for any felon who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1) (emphasis added). The provision defines "serious drug offense" as any "offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii). The Act goes on to define "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves the use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). Only the third portion of the above definition—the residual clause—was held to be unconstitutionally vague by the Supreme Court in *Johnson*. 135 S. Ct. at 2563. The Court went on to make clear, however, that its decision did not call into question the remainder of the ACCA's definition of violent felony—the use-of-physical-force and enumerated-offense clauses. *Id.*; *United States v. Priddy*, 808 F.3d 676, 682–83 (6th Cir. 2015). Nor does *Johnson* disrupt the use of a defendant's prior serious drug offenses as an independent form of ACCA predicate conviction. *See e.g.*, *United States v. Smith*, No. 10-CR-20058, 2015 U.S. Dist. LEXIS 132307,

---

7, 2008) (explaining knowing and voluntary waivers are enforceable so long as they do not result in a miscarriage of justice and that a miscarriage of justice arises where "the sentence imposed exceed[s] the statutory maximum permissible"). The Court finds that it need not resolve this dispute here, however, because Petitioner has failed to show that his sentence was imposed in violation of the laws of the United States.

4

at *34–35 (E.D. Mich. Sept. 20, 2015) (noting that *Johnson* does not affect a defendant's categorization as an armed career criminal based on his or her prior serious drug offenses).

The validity of Petitioner's sentence thus depends on whether three or more of his prior convictions qualify as "serious drug offenses" under § 924(e)(2)(A) or, in the alternative, "violent felonies" under one of the unaffected provisions of § 924(e)(2)(B). *See e.g.*, *United States v. Ozier*, 796 F.3d 597, 604 (6th Cir. 2015) (explaining courts need not decide what import, if any, *Johnson* has on the Sentencing Guidelines' residual clause where the petitioner's prior convictions qualify as predicate offenses independent of the now-defunct residual clause). The Court finds that all three offenses used to categorize Petitioner as an armed career criminal—the conviction for delivery of .5 grams or more of cocaine on September 24, 2002 [PSR ¶ 44], the conviction for delivery of .5 grams or more of cocaine on October 2, 2002 [Id. ¶ 45], and the conviction for delivery of .5 grams or more of cocaine on October 9, 2002 [Id. ¶ 46]—qualify as ACCA predicates independent of the now-defunct residual clause and, as a result, Petitioner has failed to establish that he is entitled to the requested collateral relief in light of *Johnson*.

Petitioner's prior convictions for delivery of .5 grams or more of cocaine—Class B felonies under Tennessee Code Annotated § 39-17-417(a)(2)—involved the possession of a controlled substance with intent to distribute and carried a maximum penalty of thirty years' imprisonment under Tennessee Code Annotated § 40-35-111(b)(2), a duration well in excess of ten years required to qualify as a serious drug offense under § 924(e). *See James v. United States*, 217 F. App'x 431, 440 (6th Cir. Feb. 12, 2007) (finding sale of schedule II controlled substance in violation of Tennessee Code Annotated § 39-1-417(a) qualified as a serious drug offense under the ACCA); *Benson v. United States*, No. 3:02-cv-392, 2006 U.S. Dist. LEXIS 21731, at *14–15

5

(E.D. Tenn. Mar. 29, 2006) (finding possession of cocaine for resale, a Class B felony, constituted a serious drug offense, ACCA predicate conviction). Because the convictions qualify "serious drug offenses" under § 924(e)(2)(A)(ii), they are unaffected by *Johnson* and cannot justify the requested collateral relief.

## IV.    REMAINING NON-DISPOSITIVE MOTION

During the pendency of the petition, Petitioner filed a request that the Court appoint counsel to help determine whether he is entitled to collateral relief based on *Johnson* [Doc. 36]. By a standing order entered on February 11, 2016, the Court instructed the Federal Defender Services ("FDS") to "identify defendants with a claim for relief under *Johnson*" and appointed FDS to "represent any defendant who seeks relief under § 2255 in light of *Johnson*." *See* E.D. Tenn. SO-16-02 (Feb. 11, 2016). Accordingly, the Court has already appointed counsel to look into whether the Defendant has a claim under *Johnson*. His request [Doc. 36] is **DENIED as moot** in light of the fact that FDS has already been appointed.

## V.    CONCLUSION

For the reasons discussed above, Petitioner's request for counsel [Doc. 36] will be **DENIED as moot** and § 2255 motion [Doc. 34] will be **DISMISSED WITH PREJUDICE**. The Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

6

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE

7