UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

UNITED STATES OF AMERICA      )
                )
v.                       )     No. 2:11-CR-00025-JRG
                )
HOMER EUGENE BANNER     )

## <u>MEMORANDUM OPINION AND ORDER</u>

This matter is before the Court on Defendant Homer Eugene Banner's letter [Doc. 43] and the United States' Response in Opposition [Doc. 46]. Mr. Banner moves the Court for "compassionate relief under 18 U.S.C. § 3582(c)(1)(A)," stating that he has underlying medical conditions that put him at a heightened risk of severe illness if he were to contract COVID-19. [Def.'s Mot. at 1].

"[O]nce a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (quoting *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)). Although § 3582(c) begins with the declaration that "[t]he court may not modify a term of imprisonment once it has been imposed," Congress enacted the First Step Act, Pub. L. No. 115-319, 132 Stat. 5194 (2018), which amended § 3582(c)(1) so that courts can consider motions for compassionate release once a defendant exhausts his administrative remedies with the Bureau of Prisons or thirty days after submitting a request to the warden:

> The court may not modify a term of imprisonment once it has been imposed except that . . . the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment[.]

§ 3582(c)(1)(A). Mr. Banner claims that he "filed to [his] warden for compassionate release[],"
[Def.'s Mot. at 1], but the United States argues that the Court should reject Mr. Banner's request
for compassionate release because he "has not proven that he" petitioned the warden, [United
States' Resp. at 7].

While the Court sympathizes with Mr. Banner's concerns, Mr. Banner must provide the
Court with documentation showing that he has indeed petitioned the warden for compassionate
release. *See United States v. Crawford*, No. 2:18-cr-00075-3, 2020 WL 3050218, at *1 (S.D.
Ohio June 8, 2020) (denying the defendant's motion for compassionate release because he
provided the court with "no documentation corroborating" that he had met § 3582(c)(1)(A)'s
exhaustion requirement); *see also United States v. Dickson*, No. 1:19-cr-251-17, 2020 WL
1904058, at *2 n.1 (N.D. Ohio Apr. 17, 2020) (stating that the defendant failed to demonstrate
that he satisfied § 3582(c)(1)(A)'s exhaustion requirement because he provided the court with
no documentation to that effect). Until then, the Court will be unable to consider Mr. Banner's
request for compassionate release. *See United States v. Alam*, 960 F.3d 831, 833–36 (6th Cir.
2020) (determining that § 3582(c)(1)(A)'s exhaustion requirement is mandatory and that courts
lack license to create a judge-made or an equitable exception to it). Mr. Banner's motion [Doc.
43] is therefore **DENIED without prejudice**.

So ordered.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE